WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Steven Walkup,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Wells Law Group PLLC, et al.,<br><br>　　　　　Defendants. | No. CV-25-03713-PHX-SHD<br><br>**ORDER** |

On October 8, 2025, Plaintiff Christopher Steven Walkup, proceeding pro se, initiated this action by filing a Complaint. (Doc. 1.) Plaintiff served Wells Law Group PLLC and Christopher K. Niederhauser ("Defendants") on October 10, 2025, (Docs. 8, 9). Defendants did not answer or otherwise respond to Plaintiff's Complaint. Plaintiff did not file an application for entry of default. On November 24, 2025, the Court issued an Order to Show Cause ordering Plaintiff to show cause by no later than December 10, 2025, as to why this matter should not be dismissed for failure to prosecute, (Doc. 10). Plaintiff did not respond to the Court's show cause Order.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may dismiss under Rule 41(b) for

failure to prosecute or comply with rules of civil procedure or the court's orders).

Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing Plaintiff's case, the Court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). Additionally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," but the district court "is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Henderson*, 779 F.2d at 1423. The Court will consider the merits of each of the five *Henderson* factors, in turn.

First, "the public's interest in expeditious resolution of litigation," *id.*, favors dismissal. Plaintiff's failure to comply with the Court's order delayed adjudication of this action.

Second, "the court's need to manage its docket," *Henderson*, 779 F.2d at 1423, favors dismissal. Plaintiff's failure to prosecute after Defendants did not answer or otherwise respond to the Complaint required the Court to expend its judicial resources reviewing the docket and drafting an order to show cause, as well as an order to dismiss this matter for Plaintiff's lack of compliance.

Third, "the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423, favors dismissal. Defendants are not prejudiced by dismissal due to their lack of participation in this litigation.

Fourth, "the public policy favoring disposition of cases on their merits," *id.*, neither favors nor disfavors dismissal. A dismissal under Rule 41(b) operates as an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). If the Court dismisses Plaintiff's claims without prejudice, the adjudication would

not be on the merits and public policy would not disfavor dismissal.

Fifth, "the availability of less drastic sanctions," *id.*, favors dismissal. Plaintiff failed to enter default against Defendants and failed respond to the Court's show cause order despite being given ample time to do so. Plaintiff's lack of response is an indication that a less drastic sanction, such as an additional warning to comply with the Court's order, is unlikely to have an effect. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424 (citations omitted).

*Henderson* factors one, two, three and five favor dismissal, and factor four does not disfavor dismissal without prejudice. Thus, in sum, the *Henderson* factors weigh in favor of a dismissal without prejudice for failure to prosecute. *See* 779 F.2d at 1425 ("Where counsel continues to disregard deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative.").

Accordingly,

**IT IS ORDERED** that Plaintiff's case is dismissed without prejudice for failure to prosecute. The Clerk of Court shall enter judgment accordingly.

Dated this 16th day of January, 2026.

Honorable Sharad H. Desai
United States District Judge